JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IEDIA HESS,<br><br>    Plaintiff,<br><br>v.<br><br>HEILIND ELECTRONICS, INC.,<br><br>    Defendant. | Case No.:  CV 23-07200-DMG (MARx)<br><br>ORDER APPROVING STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE OF PAGA CLAIM |

The Court, having reviewed Plaintiff IEDIA HESS's Supplemental Brief re Stipulated Request To Approve FLSA & PAGA Settlement and Dismiss with Prejudice [Doc. # 25], and having previously approved the settlement of all individual claims in this action with the exception of Plaintiff's PAGA claim, ORDERS as follows:

1. PAGA requires the Court to review and approve the settlement of the PAGA claim.  *See* Cal. Lab. Code § 2699(s)(2) ("The superior court shall review and approve any settlement of any civil action filed pursuant to this part.  The proposed settlement shall be submitted to the agency at the

1

same time that it is submitted to the court."); *see also Smith v. H.F.D. No. 55, Inc.*, No. 2:15-CV-01293-KJM-KJN, 2018 WL 1899912, at *2 (E.D. Cal. Apr. 20, 2018) (applying this rule even to settlement of an individual PAGA claim). The Court may lower a civil penalty if "based on the facts and circumstances of the particular case" the award would be "unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e)(2). Although there is not otherwise a standard to evaluate PAGA settlements, courts have applied the relevant factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). *See, e.g.*, *Smith*, 2018 WL 1899912, at *2.

2. Plaintiff provided notice to the California Labor and Workforce Development Agency ("LWDA") concerning the PAGA settlement on October 10, 2024. LWDA has not responded.

3. The Court finds no indication that the settlement would be unjust, arbitrary and oppressive, or confiscatory with respect to Defendant. Cal. Lab. Code § 2699(e)(2). The settlement amount, $50,000, is non-trivial but also not oppressive.

4. The *Hanlon* factors include (1) the strength of a plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the expertise and views of counsel; (7) the presence of government participation; and (8) the reaction of class members to the proposed settlement. 150 F.3d at 1026. Factors three, seven, and eight are not relevant to this action.

As for the other factors, each favors approval. Plaintiff's claims are about off-the-clock work, but according to the supplemental brief, there was "limited proof-of-working[]time" and the case is "on the edge of

provability." [Doc. # 25 at 5.]  In light of these evidentiary issues, the "strength of a plaintiff's case" factor favors approval.  The risk of further litigation would be high for Plaintiff in the event that "the finder of fact may find that she simply did not do the work at issue[.]"  *Id.*  The amount offered in settlement represents, in this context, a fair compromise in which "the parties came to a draw in which Defendant pays just over half of the potential alleged exposure and Plaintiff accepts less than she alleges she is due."  *Id.* at 6.  The parties have engaged in informal and formal discovery that has revealed the extent of the evidence to support Plaintiff's claims.  Plaintiff's counsel is experienced and has represented employees in individual and class settings, including taking more than a dozen cases through jury trial.  [Doc. # 23 at 6.]  Defendant similarly is represented by experienced attorneys, including one who has defended employers in class and PAGA actions.

Counsel alternatively argue that the appropriate inquiry is that set forth in *Moniz v. Adecco USA, Inc.*, 72 Cal. App. 5th 56, 77 (2021), *disapproved of on other grounds by Turrieta v. Lyft, Inc.*, 16 Cal. 5th 664, 707 (2024), *i.e.*, "whether [the settlement] is fair, reasonable, and adequate in view of PAGA's purposes to remediate present labor law violations, deter future ones, and to maximize enforcement of state labor laws."  In light of the discussion above, the Court finds that the settlement also meets this standard:  the compensation is fair given the evidentiary issues noted and is a non-trivial amount that will deter future violations.

//
//
//
//
//

For the foregoing reasons, the Court approves the settlement of the PAGA claim, which is dismissed with prejudice (although the claim is dismissed without prejudice as to any other potentially aggrieved employee).  The Clerk shall close the case.

IT IS SO ORDERED.

DATED:  November 20, 2024

_____
DOLLY M. GEE
Chief United States District Judge